Filed 11/16/15  Hollander v. XL Capital Ltd. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| GAIL HOLLANDER et al.,<br><br>  Plaintiffs and Appellants,<br><br>  v.<br><br>XL CAPITAL LTD. et al.,<br><br>  Defendants and Respondents. | B250649<br><br>(Los Angeles County<br>Super. Ct. No. BC365455) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Reversed.

        A. Tod Hindin, A. Tod Hindin and Karen L. Hindin for Plaintiffs and Appellants.

        Burris Schoenberg & Walden, Donald S. Burris, Richard E. Walden; Steptoe & Johnson and Stephen O'Donnell for Defendants and Respondents.

_____

Gail and Stanley Hollander (Hollander) brought this suit alleging various contract and tort claims and named as defendants XL Specialty Insurance Company (XL Specialty) as well as a dozen other companies. The trial court ruled that nine of those other defendants are not vicariously liable for the actions of XL Specialty. Because the trial court erred in relying as law of the case on our prior decisions dismissing different defendants for lack of jurisdiction, we reverse and remand.

## BACKGROUND

Hollander commenced this action against XL Specialty and over a dozen other related companies.

### A.  XL Summary Judgment Defendants File Motion on Liability

Eleven of those defendants (collectively, the XL Summary Judgment Defendants)—XL Capital Ltd. (ultimate parent of XL Specialty), XL Reinsurance America Inc. (direct parent of XL Specialty), X.L. America Inc. (indirect parent of XL Specialty), NAC Re Corp. (indirect parent of XL Specialty), XL Insurance America Inc., XL Insurance Company of New York Inc., XL Select Insurance Company, Indian Harbor Insurance Company, Greenwich Insurance Company, XL Re Ltd., and XL America Group—filed a motion for summary judgment asserting that they are not directly or vicariously liable for actions of XL Specialty. The trial court denied the motion because there were triable issues of fact.

### B.  XL London Defendants File Motion on Jurisdiction

XL London Market Ltd., XL London Market Services Ltd., and XL Services UK Ltd. (collectively, XL London Defendants)—no overlap with any of the XL Summary Judgment Defendants—filed a motion to quash service on the summons and complaint for lack of jurisdiction in California. The trial court granted the motion. This court affirmed in *Hollander v. XL London Market Ltd.* (Apr. 16, 2010, B213864) [nonpub. opn.] (*XL London Defendants*). As part of the holistic inquiry into jurisdiction, which considers whether the moving defendants could be vicariously liable for the actions of the nonmoving defendants, we held that Hollander had not established that the XL London

2

Defendants are vicariously liable under the alter ego or agency doctrines for XL Specialty or some of the XL Summary Judgment Defendants.

### C. XL Insurance (Bermuda) Ltd. Files Motion on Jurisdiction

XL Insurance (Bermuda) LTD—not one of the XL Summary Judgment Defendants—filed a motion to quash service on the summons and complaint for lack of jurisdiction in California. The trial court granted the motion. This court affirmed in *Hollander v. XL Insurance (Bermuda) Ltd.* (Oct. 5, 2012, B230807) [nonpub. opn.] (*XL Insurance (Bermuda)*). As part of the holistic inquiry into jurisdiction, which considers whether the moving defendants could be vicariously liable for the actions of the nonmoving defendants, we held that Hollander had not established that XL Insurance (Bermuda) is vicariously liable under the alter ego or agency doctrines for XL Specialty or some of the XL Summary Judgment Defendants.

### D. XL Summary Judgment Defendants Renew Motion on Liability

Upon remand from this court's decision in *XL Insurance (Bermuda)*, the XL Summary Judgment Defendants renewed their prior summary judgment motion, citing to this court's prior decisions in *XL London Defendants* and *XL Insurance (Bermuda)*. Relying on those decisions as law of the case, the trial court granted summary judgment that none of the XL Summary Judgment Defendants could be directly or vicariously liable for the actions of XL Specialty.

## DISCUSSION

We review de novo a trial court's grant of summary judgment. (*Doney v. TRW, Inc.* (1995) 33 Cal.App.4th 245, 248.) On matters such as a trial court's denial of a motion to strike or decision to allow a party to file a renewed motion for summary judgment, however, we defer to the trial court and will reverse only upon an abuse of discretion. (*Cal-Western Business Services, Inc. v. Corning Capital Group* (2013) 221 Cal.App.4th 304, 309; *Nieto v. Blue Shield of California Life & Health Insurance Company* (2010) 181 Cal.App.4th 60, 72.)

3

**I.    Trial court erred in relying on *XL London Defendants* and *XL Insurance (Bermuda)* as law of the case for the issues on appeal here.**

As a preliminary matter, Hollander is incorrect that the alter ego issue is a question for only the jury to decide. "The alter ego doctrine is 'essentially an equitable one and for that reason is particularly within the province of the trial court.'" (*Dow Jones Co. v. Avenel* (1984) 151 Cal.App.3d 144, 147.)

Here, the trial court erred in holding that our prior decisions in *XL London Defendants* and *XL Insurance (Bermuda)* are law of the case requiring it to conclude there can be no vicarious liability as to the XL Summary Judgment Defendants, as discussed below. We therefore remand for the trial court to decide the issue of vicarious liability as raised in the XL Summary Judgment Defendants' summary judgment motion. Our decision here is not to hold the issue must be decided on summary judgment or necessarily survives summary judgment. It may very well be that, on remand, the trial court will reach the same conclusion. But it should do so without the mistaken belief that our prior decisions restricted its equitable discretion.

The law of the case doctrine precludes a party from seeking review of <u>the same issue</u> already decided by an appellate court in that case. "In order for the doctrine to apply, '"the point of law involved must have been necessary to the prior decision [and] the matter must have been actually presented and determined by the court."'" (*Katz v. Los Gatos-Saratoga Joint Union High School District* (2004) 117 Cal.App.4th 47, 62.)

To determine whether any of the XL Summary Judgment Defendants are vicariously liable for the actions of XL Specialty under the alter ego doctrine, the inquiry requires analysis into whether there exists both (1) a unity of interest and ownership between the corporation (here, XL Specialty) and its equitable owner (here, any of the 11 XL Summary Judgment Defendants) such that the separate personalities of the corporation and equitable owner in reality do not exist and (2) an inequitable result in treating the acts of the corporation as those of the corporation alone. (See *Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 300.)

4

Because it is founded on equitable principles, application of the alter ego doctrine does not depend on prior court decisions with similar factual scenarios and instead must be considered under the specific circumstances of the case at issue. (See *Las Palmas Associates v. Las Palmas Center Associates* (1991) 235 Cal.App.3d 1220, 1248.) Courts must look at the entire circumstance and can consider factors such as identical directors and officers between the two entities, commingling of funds and other assets between the two entities, holding out by one entity that it is liable for the debts of the other entity, inadequate capitalization, identical equitable ownership in the two entities, use of the same offices and employees, holding out of one entity as a mere shell for the affairs of the other entity, and disregard of corporate formalities. (See *id.* at pp. 1250–1251; *Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1108–1109.)

The alter ego doctrine thus involves analysis of facts <u>specific to the defendant alleged to be vicariously liable</u>. The trial court therefore erred because our prior decisions in *XL London Defendants* and *XL Insurance (Bermuda)* analyzed the actions of defendants different than those involved in the issues on appeal here. Specifically, our prior decisions involved the actions of the XL London Defendants and XL Insurance (Bermuda). The issues on appeal here, however, involve the actions of the XL Summary Judgment Defendants (eleven separate entities). There is no overlap in defendants. While the trial court asserted that in *XL London Defendants* our court found that XL Re Ltd. and XL America Group (two of the XL Summary Judgment Defendants) are not alter egos or agents of XL Specialty, we made no such finding. Similarly, while the trial court asserted that the evidence presented as to the XL Summary Judgment Defendants "is virtually the same as was reviewed in depth and rejected by the Court of Appeal" in *XL Insurance (Bermuda)*, that assertion is also incorrect for the same reason that different defendants were at issue. Likewise, the trial court asserted that in *XL Insurance (Bermuda)* we found "there is no chance of an inequitable result" because XL Specialty "can pay on a judgment," yet again nowhere in our prior decision did we make that finding. In sum, as to both elements of the alter ego doctrine, the trial court erred in

5

holding our prior decisions in *XL London Defendants* and *XL Insurance (Bermuda)* as law of the case as to the XL Summary Judgment Defendants.

In addition to relying on our prior decisions in *XL London Defendants* and *XL Insurance (Bermuda)* to rule on the issue of vicarious liability as to alter ego, the trial court appears to have granted summary judgment on the issues of agency, partnership, and direct liability for the same reason, though its opinion is not clear or detailed on these points. For the same reason discussed above, we remand for the trial court to consider those issues consistent with this decision.

## II. Trial court did not abuse its discretion in reconsidering its prior denial of the XL Summary Judgment Defendants' motion.

Code of Civil Procedure sections 437c, subdivision (f)(2), and 1008 explain that a party must show, respectively, "newly discovered facts or circumstances or a change of law" or "new or different facts, circumstances, or law," before moving for reconsideration of a summary judgment motion previously denied by a trial court.

The trial court here did not abuse its discretion in considering our prior decisions as meeting this standard. While our prior decisions are not law of the case on the issues presented in the renewed summary judgment motion, they nevertheless constitute new facts, circumstances, or law, that can justify the trial court to reconsider its prior ruling— and the trial court can certainly consider our prior decisions in its new ruling. Further, the trial court also relied on updated information on the net assets of XL Specialty and the regulatory report on XL Specialty as supporting reconsideration of its prior ruling and did not abuse its discretion in doing so. Moreover, the trial court has inherent authority to reconsider its prior rulings, as long as it provides notice to the parties and a reasonable opportunity to litigate the issues, which it satisfied here. (See *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1096–1097.) Therefore, we reject Hollander's argument that the trial court abused its discretion in reconsidering its prior denial of the XL Summary Judgment Defendants' summary judgment motion.

6

**DISPOSITION**

The judgment is reversed.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.